## BROWER v. MORAN PAVING CO.

No. 3628.   Decided June 17, 1921.   (199 Pac. 144.)

MUNICIPAL CORPORATIONS—IN ACTION FOR INJURIES FROM UNGUARDED
DITCH, NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE HELD FOR
JURY.   In action against a street paving contractor for in-
juries received when plaintiff was riding as invited guest in an
automobile, which at night ran into a trench in a street which
had been dug and left unguarded and unlighted by defendant,
*held* that defendant's negligence, as respects the sufficiency of
the barrier guarding the trench, and also plaintiff's contributory
negligence, were for the jury.

Appeal from District Court, First District, Cache County;
*J. D. Call,* Judge.

A'ction by W. F. Brower against the Moran Paving Com-
pany.   From judgment for plaintiff, defendant appeals.

AFFIRMED.

*Pierce, Critchlow & Marr,* of Salt Lake Lake City, for ap-
pellant.

*Leon Fonnesbeck,* of Logan, for respondent.

WEBER, J.

In his complaint the plaintiff charged that defendant, in
pursuance of a contract with the State Road Commission of
Utah, dug a certain trench across Main street at its intersec-
tion with First North street in Smithfield, Utah, and that
defendant left said trench in an open, unguarded and dan-
gerous condition during the nighttime of October 16, 1919,
and thus to remain open and exposed without any reasonable
protection and without any light or signal to give reason-
able warning against accident to travelers along said Main
street; that on the night of October 16, 1919, while plaintiff

was riding as an invited guest in an automobile owned and operated by one Ray Vannoy, the said automobile ran into said trench, and plaintiff was injured. The allegations charging defendant with negligence were denied in the answer, which also charged plaintiff with contributory negligence. The jury returned a verdict in favor of plaintiff, assessing his damages at $950. A motion for a new trial was denied. Defendant appeals, and urges as error that the record contains not a scintilla of evidence tending to show that the accident was caused by any negligence upon the part of the defendant, and that the respondent's own negligence was the sole cause of the accident.

The evidence, in substance, was that on October 16, 1919, the street paving, being done by defendant under contract with the State Road Commission, had been completed and opened for traffic, but there remained to be completed a culvert across the highway or Main street at the intersection of First North street in Smithfield. Paralleling the pavement on the east was a railroad track, and there was about 30 feet of unpaved roadway between the railroad track and the east line of Main street. An excavation for a culvert had been dug, and extended from the railroad on the westerly end about 30 feet, according to the testimony of plaintiff's witnesses—18 feet according to the testimony of defendant's foreman. The trench was from 18 inches to 2 feet deep, about 2 feet wide, and the excavated material had been thrown up along the south side of the trench forming a mound along that side. On the evening of October 16, 1919, a trestle about 12 feet in length was placed on the mound of this trench. A lantern was placed on the trestle, but the evidence indicates that there was no light in the lantern at the time of the accident. According to the testimony adduced by plaintiff the trestle was placed at the west end of the trench, and the east part of the trench extending beyond the trestle was, at the time of the injury, left open and unguarded. The intersection of streets where this trench had been dug is the business center of Smithfield. A lighted electric arc light was hanging at the intersection of the

streets, and there were lights in the bank about 100 feet south
of the trench. On the opposite corner was a store with large
display windows that were illuminated. Adjoining this
store was a drug store that was well illuminated. Another
store was on the northwest corner whose windows also con-
tained electric lights. At about 8:15 or 8:30 p. m. respondent
left a restaurant, which was about 25 feet from the trench,
in a Ford car, as the guest of Ray Vannoy, who owned and
drove the car. Vannoy testified that when he left the res-
taurant he drove south; that he "made a circle around the
center of the street," and was looking directly ahead. A
car was coming from the south and one from the north, both
on the pavement, and the reflection of the lights revealed
the trestle. He had driven up and down this road almost
daily while it was being paved. He said:

> "I knew there were ditches and trenches at various places, and
> was accustomed to seeing such barricades before trenches, and as
> soon as I saw the barricade I knew there was a trench there. I
> didn't stop to see how wide or long, but concluded it was the same
> length as the barricade. In turning around I drove far enough so
> that I was sure that I would clear the barricade about 4 feet."

The wheels of the car went into the trench. The sub-
stance of the testimony of W. F. Brower, the plaintiff, was
that he had gone to Smithfield with Vannoy at the latter's
invitation; that after leaving the restaurant he saw a barri-
cade; that he knew there was danger there, a hole or a trench,
or something, but he did not know that the trench extended
about 16 feet east of the barricade. He said nothing to the
driver. "I saw he was going around the trestle nicely, and
felt he was driving out far enough to be plenty safe. Just
as the car was dropping in I glanced to see what was beyond
this barricade, and I saw a hole we were dropping into."
Plaintiff was thrown forward through the wind shield, and
his face cut and nose broken.

There was conflict in the testimony as to the amount of
light ,as to where the trestle was placed, as to the length of
the part of the ditch left open and unguarded, and as to
some other details, but substantial testimony was adduced
in support of all the allegations of plaintiff's complaint.

The evidence pointing to appellant's negligence was such that it cannot with reason be said that but one inference can reasonably be drawn from the facts.

In *Hunter* v. *City of Montesano*, 60 Wash. 489, 111 Pac. 571, Ann Cas. 1912B, 955, cited by appellant, the street had been barricaded from curb to curb. When Hunter, a pedestrian, was injured, it was raining. The wind was blowing. His eyesight was bad. The rain was beating against his glasses, and he was looking at the lights in a store window, and, while walking diagonally across the street that had been closed, he ran against a plank, one end of which rested upon a keg of nails, the other upon a pile of bricks or rubbish. He fell down and was injured. There was no question in that case regarding the sufficiency of the barriers. Hunter testified that he knew the street was not in condition to be traveled by teams. The court said that—

"It is apparent that Main Street outside of the sidewalk area was properly barricaded and that plaintiff was walking in reckless disregard of the unsafe condition of the street."

In that and other cases relied upon by appellant the barriers erected were obviously sufficient.

Barriers erected to prevent danger to travelers or to warn the public of the dangeous condition of a street must be at least reasonably sufficient for that purpose. In the present case it was a question for the jury's decision as to whether the trestle was sufficient in length, and as to whether it was negligence to have from 18 to 30 feet of the trench without a barrier or guard of any kind.

Whether plaintiff was guilty of contributory negligence is not free from substantial doubt. The question of contributory negligence was for the jury and not for the court to decide, because different minds might reasonably arrive at different conclusions as to whether plaintiff was culpably negligent.

We think the issues were properly submitted to the jury, and that the court committed no abuse of discretion in overruling appellant's motion for a new trial. The judgment is therefore affirmed, with costs.

Appeal from First District     .

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.